Ernest J. JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13918.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 28, 1957.

Decided Dec. 19, 1957.

Mr. Donald E. Cross, Washington, D. C., with whom Mr. Bryce Rea, Jr., Washington, D. C. (both appointed by this Court), was on the brief, for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted of two counts of narcotics violations, the first under 26 U.S.C. § 4704(a), and the second under 21 U.S.C.A. § 174. He was sentenced to consecutive terms of five and ten years.

He urges reversal on two grounds: (1) that he was convicted on insufficient evidence; and (2) that the evidence was inadmissible because it was obtained by illegal search and seizure. We think the convictions must be reversed on the first ground. We do not reach the second.

The drug involved in both counts was a quantity of a heroin mixture found by the police in a television set in the room of appellant's nephew. Appellant's conviction was based on the drug and his possession of a key to the room in which it was found and a key to the front door of the house. There was no evidence that appellant "purchased, sold, dispensed and distributed" drugs not in or from "the original stamped package," the crime defined by 26 U.S.C. § 4704(a) and charged in the first count. Nor was there any evidence that he facilitated the concealment or sale of drugs, knowing them to have been illegally imported, the crime defined by 21 U.S.C.A. § 174 and charged in the second count.

Both statutes permit a jury to convict upon proof of "possession" of the drugs by the accused if he fails to explain such possession to the jury's satisfaction. Convictions in such cases usually rest simply upon proof of such possession. The statutes create presumptions that one in possession of unexplained drugs has done the things which are defined as the elements of the offenses.

This use of a presumption in aid of proof of every element of the offense beyond a reasonable doubt must be confined to the limits prescribed in the statutes—namely, to cases where the accused has "possession" of the drugs. The statutory presumption rests on a factual presumption that one who has unstamped drugs in his possession has them for an unlawful purpose. There is no statutory presumption of guilt on the part of an individual not shown to have been in "possession" of the drugs, but merely to have had access to the room of another where the drugs were hidden. It is doubtful whether such a statutory presumption could be upheld, for it cannot be factually presumed that a person having a key to another's room has control of drugs hidden therein. It cannot even be presumed that he knows of the presence of the drugs. While it is rational to infer evil intent from possession of drugs, it is not rational to infer it from possession of these keys. There are too many other and perfectly legitimate reasons why appellant could have had keys to his nephew's room. The fact of his possessing the keys does not war-

rant placing on him the burden of proving his innocence.

Reversed and remanded with instructions to enter a judgment of acquittal.